# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kevin Toogood and Carol Toogood

**DEFENDANTS**
BAYADA Home Health Care, Inc.

(b) County of Residence of First Listed Plaintiff: **Chester County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Burlington County, NJ**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Eric F. Spade, Esquire, One South Broad Street, Suite 1830, Philadelphia, PA 19107. (215) 772-0600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☒ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: Nursing malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE:
DOCKET NUMBER:

DATE: 1/8/2014
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

JAN - 8 2015

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 203 WESTBROOK DRIVE, WEST CHESTER, PA 19382

Address of Defendant: 290 CHESTER AVENUE, MOORESTOWN, NJ 08057

Place of Accident, Incident or Transaction: 203 WESTBROOK DRIVE, WEST CHESTER, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) NURSING MALPRACTICE

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, ERIC F. SPADE, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 1/8/15   _____   90328
               Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/8/15   _____   90328
               Attorney-at-Law    Attorney I.D.#

JAN - 8 2015

LDD-JD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CASE MANAGEMENT TRACK DESIGNATION FORM

KEVIN TOOGOOD : CIVIL ACTION

v. : **15  66**

BAYADA Home Health Care, Inc. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

1/8/15           ERIC SPADE            PLAINTIFF
**Date**          **Attorney-at-law**   **Attorney for**

215 772 0600     215 772 0601         ESPADE@GMAIL.COM
**Telephone**    **FAX Number**        **E-Mail Address**

(Civ. 660) 10/02

JAN - 8 2015



**LDD**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN TOOGOOD,<br>As the Guardian under a Power of<br>Attorney, on behalf of,<br>CAROL TOOGOOD,<br>203 Westbrook Drive,<br>West Chester, PA  19382,<br><br>*Plaintiff,*<br><br>v.<br><br>BAYADA HOME HEALTH CARE, INC.,<br>290 Chester Avenue,<br>Moorestown, NJ  08057,<br><br>*Defendant.* | **15      66**<br><br><br><br>CIVIL ACTION<br>NO.<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiff Kevin Toogood, as the guardian under a power of attorney, on behalf of Carol Toogood, by and through their undersigned counsel, Eric F. Spade, Esquire, and John M. Willis, Esquire, hereby bring this Complaint against Defendant Bayada Home Health Care, Inc., and in support thereof, avers as follows:

### I.    JURISDICTION

1. Jurisdiction is proper under 28 U.S.C. §§ 1332 because this is a civil action between citizens of different States.

2. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

### II.    VENUE

3. All the claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Accordingly, venue is proper under 28 U.S.C.

§ 1391(b).

### III. PARTIES

4. Plaintiff Kevin Toogood, as the guardian under a power of attorney, on behalf of Carol Toogood, are individuals residing in Chester County, Pennsylvania.

5. Defendant BAYADA Home Health Care, Inc., is a registered New Jersey corporation with its principal place of business located in Moorestown, New Jersey.

### IV. FACTS

6. BAYADA is a licensed provider of home nursing care services.

7. In January 2013, Plaintiff became a patient of BAYADA home nursing services.

8. This lawsuit concerns a fall down accident that occurred at Plaintiff's home on or about January 28, 2013.

9. At all relevant times Plaintiff was a patient of the Defendant.

10. At all relevant times, Defendant acted and or failed to act through Defendant's employees and or agents acting within the scope of their employments.

11. At all relevant times, Defendant's employees and or agents were negligent and Defendant was negligent.

12. Defendant's are vicariously liable for the negligence of their employees and agents.

13. Plaintiff suffered a fall down accident while in the care of the Defendant on or about January 28, 2013.

14. The Defendant's nursing staff negligently cared for Plaintiff causing her to sustain a variety of injuries, including a broken hip.

15. Plaintiff was treated on or about January 28, 2013 at the emergency room of Chester County Hospital for the injuries she sustained while under Defendant's care.

16. Plaintiff was diagnosed with a broken hip at the emergency room of Chester County Hospital.

17. Plaintiff sustained severe and permanent injuries as the direct and proximate result of the Defendant's negligence.

## COUNT I
### NEGLIGENCE - VICARIOUS LIABILITY FOR NEGLIGENCE OF EMPLOYEES AND AGENTS - FALL DOWN INCIDENT AGAINST ALL DEFENDANTS

18. Plaintiff fully re-alleges and incorporates by specific reference the allegations contained in Paragraph 1 through 17 of this Complaint.

19. On January 28, 2013, Defendant employed Lisa Rocco, R.N.; Karen Worst, R.N.; Home Health Aid Nyree Richardson-Ray; and, other currently unknown caretakers.

20. Defendant's medical records for Plaintiff show that on or about January 28, 2013, Plaintiff was in the care of Lisa Rocco, R.N.; Karen Worst, R.N.; Home Health Aid Nyree Richardson-Ray; and, other currently unknown caretakers.

21. Defendant negligently deviated from the ordinary standard of care when they failed to adequately monitor and care for Plaintiff when they knew she was at risk for falling.

22. Defendant was negligent in their care of Plaintiff when they dropped her and/or allowed her to fall.

23. The Defendant's nurses were negligent in their care of Plaintiff when they dropped her and/or allowed her to fall.

24. The negligence of the Defendant was and is a factual cause of and/or the sole and proximate cause of Plaintiff's injuries and damages.

25. Plaintiff's injuries and damages include:

   A. Serious injuries, dysfunctions, impairments, serious impairments of body or bodily functions, pain and trauma to various parts of the body and

3

psyche including injuries to the pelvis, a hip fracture, confusion, de conditioning, aggravation of other medical problems, trauma, restrictions on range of motion and function, pain and suffering, and or serious injuries and serious impairments of the body and or a bodily function;

      B.      Past Medical Expenses;

      C.      Future Medical Expenses;

      D.      Past Pain and Suffering;

      E.      Future Pain and Suffering;

      F.      Past Embarrassment and Humiliation;

      G.      Future Embarrassment and Humiliation;

      H.      Past Loss of Ability to Enjoy the Pleasures of Life;

      I.      Future Loss of Ability to Enjoy the Pleasures of Life; and,

      J.      Incidental Costs.

**WHEREFORE**, Plaintiff Kevin Toogood, as the guardian under a power of attorney, on behalf of Carol Toogood, respectfully demands judgment against Defendant BAYADA Home Health Care, Inc., in an amount in excess of $75,000 together with interest, costs, and such other relief as the Court deems fair and just.

## COUNT II
### NEGLIGENCE – CORPORATE NEGLIGENCE
### AGAINST ALL DEFENDANTS

26.    Plaintiff fully re-alleges and incorporates by specific reference the allegations contained in Paragraph 1 through 25 of this Complaint.

27.    Defendant negligently deviated from the ordinary standard of care when they failed to adequately monitor and care for Plaintiff when they knew she was at risk for falling.

28.    Defendant was negligent in their care of Plaintiff when they dropped her and/or allowed her to fall.

4

29. Defendant was negligent in hiring nurses who were negligent in their care of Plaintiff.

30. Defendant was negligent in failing to train and/or test and/or adequately train and/or test their nurse employees when they hired and continued to employ nurses who were negligent in their care of Plaintiff.

31. Defendant was negligent in failing to adequately promulgate, enforce and/or publish rules, regulations and/or guidelines when they hired and continued to employ nurses who were negligent in their care of Plaintiff.

32. The negligence of the Defendant was and is a factual cause of and/or the sole and proximate cause of Plaintiff's injuries and damages.

33. Plaintiff's injuries and damages include:

   A. Serious injuries, dysfunctions, impairments, serious impairments of body or bodily functions, pain and trauma to various parts of the body and psyche including injuries to the pelvis, a hip fracture, confusion, de conditioning, aggravation of other medical problems, trauma, restrictions on range of motion and function, pain and suffering, and or serious injuries and serious impairments of the body and or a bodily function;

   B. Past Medical Expenses;

   C. Future Medical Expenses;

   D. Past Pain and Suffering;

   E. Future Pain and Suffering;

   F. Past Embarrassment and Humiliation;

   G. Future Embarrassment and Humiliation;

   H. Past Loss of Ability to Enjoy the Pleasures of Life;

   I. Future Loss of Ability to Enjoy the Pleasures of Life; and,

5

J.  Incidental Costs.

**WHEREFORE**, Plaintiff Kevin Toogood, as the guardian under a power of attorney, on behalf of Carol Toogood, respectfully demands judgment against Defendant BAYADA Home Health Care, Inc., in an amount in excess of $75,000 together with interest, costs, and such other relief as the Court deems fair and just.

_____
Eric F. Spade
THE SPADE LAW FIRM, LLC
One South Broad Street, Suite 1830
Philadelphia, PA  19107
(215) 772-0600
(215) 772-0601 (fax)
espade@gmail.com

JOHN M. WILLIS, ESQUIRE
1515 Market Street, Suite 1510
Philadelphia, PA  19102

**Counsel for Plaintiff**

### JURY DEMAND

Plaintiff hereby demands a jury trial as to each Defendant and as to each count.

_____
Eric F. Spade

6